IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANITA B. BEASLEY,

Defendant.                                                              No. 06-CR-30061-DRH

MEMORANDUM and ORDER

HERNDON, District Judge:

I. Introduction and Background

Pending before the Court is Beasley's June 14, 2006 motion to reconsider Order committing Defendant Beasley to the custody of the Attorney General for examination and request for hearing (Doc. 19). The Government opposes the motion (Doc. 23 ). Considering the record in this case the Court does not find that a hearing is required. Based on the following, the Court denies Beasley's motion.

On April 18, 2006, the grand jury returned an indictment charging Anita B. Beasley of bank robbery by force or violence in violation of **18 U.S.C. § 2113(a)** (Doc. 1). Specifically, the indictment charges that on April 17, 2006, Beasley "by intimidation did take from the person and presence of another, approximately eight hundred dollars ($800) in money, ..." from the Regions Bank located in Belleville, Illinois. On April 19, 2006, Beasley appeared before Magistrate

Judge Wilkerson, she was arraigned on the indictment and pled not guilty to the charges contained in the indictment (Doc. 4).  Also on April 19, 2006, Judge Wilkerson appointed the Federal Public Defender to represent Beasley, temporarily detained Beasley and set the detention hearing for April 21, 2006 (Docs. 6 & 8).  On April 21, 2006, Judge Wilkerson held the detention hearing, denied the Government's motion to detain and released Beasley on $25,000 bond using property as collateral signed by Surety, William Beasley (Docs. 11 & 12).  However, as a condition of her bond the Magistrate Judge provided that the Defendant was placed on home confinement, assured by electronic monitoring.  Furthermore, he ordered that she undergo available medical, psychological, or psychiatric treatment and remain in an institution if required for that purpose.

On May 3, 2006, Beasley filed a notice pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure (Doc. 14).  The notice indicates that Beasley may assert the defense of insanity at the time of the offense and that she may introduce expert evidence relating to a mental disease or defect or any other mental condition bearing on the issue of guilt.  Thereafter on May 10, 2006, the Government filed a motion to determine competency to stand trial and sanity at the time of the offense (Doc. 15).  That same day, the Court granted the Government's motion, ordered Beasley to the custody of the Attorney General for a psychiatric or psychological examination pursuant to **18 U.S.C. § § 4241(d), 4242(a)** and **4247(b)**, ad ordered that the commitment not exceed forty-five (45) days (Doc. 16).

A little over a month later, Beasly filed a motion to reconsider Order committing her to the custody of the Attorney General for examination and request for hearing (Doc. 19). Beasly argues that § § 4241 and 4247(b) are permissive – not mandatory and that Rule 12.2 of the Federal Rules of Criminal Procedure does not give a district court authority to order a custodial psychological or psychiatric evaluation.

## II. <u>Analysis</u>

**Rule 12.2 of the Federal Rules of Criminal Procedure** states in part:

> (a) **Notice of an Insanity Defense**. A defendant who intends to assert a defense of insanity at the time of the alleged defense must so notify an attorney for the government in writing within the time provided for the filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk....
> (b) **Notice of Expert Evidence of a Mental Condition**. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must — within the time provided for filing a pretrial motion or ay any later time the court sets – notify any attorney for the government in writing of this intention and file a copy of the notice with the clerk...
> (c) **Mental Examination**.
>     (1) **Authority to Order an Examination; Procedures**.
>         (A) the Court may order the defendant to submit to a competency
> examination under 18 U.S.C. § 4241.
>         (B) If the defendant provides notice under Rule 12.2(a), the court must,
> upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242. If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

Further, **18 U.S.C. § 4242** provides in part:

> (a) **Motion for pretrial psychiatric or psychological examination**.–Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon the motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological examination report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

Beasley cites to ***United States v. Rinaldi*, 351 F.3d 285, 289 (7th Cir. 2003)** to support her position that "Rule 12.2 does not provide authority for the district court to order a custodial examination…" The Court finds that ***Rinaldi*** is inapplicable to the case at bar. As noted by Beasley, this case is factually and procedurally distinguishable from ***Rinaldi***. Here, Beasley filed her notice pursuant to Rule 12.2(a) and (b) and in response, the Government filed a motion determine Beasley's competency to stand trial and sanity at the time of the offense and the Court granted the motion and ordered a custodial examination pursuant to **18 U.S.C. § § 4241(d), 4242(a)** and **4247(b)** and ordered that the commitment not exceed forty-five (45) days (Doc. 16). ***Rinaldi*** did not involve a possible insanity defense or questions about competency to stand trial and the Government did not move for a psychiatric examination pursuant to section 4242; all which are present in the case at bar. The Seventh Circuit found that Rinaldi did not fit the criteria for an in-custody examination. ***Rinaldi*, 351 F.3d at 289.**

Beasley was not placed on bond without significant restrictions. She

was placed on home confinement with electronic monitoring. Knowing she would be talking about her crime and other unsettling matters, the conditions are more likely for her during that period of time to do something more drastic about her circumstances like flee. In addition, though it is not clear from that record that the examination at issue is what was contemplated when the Magistrate Judge required the condition of psychiatric treatment and confinement, but the Defendant can hardly claim surprise or hardship by a custodial order at this juncture. Based on the circumstances in this case, this Court finds that Beasley fits the criteria for an in-custody examination under both 4241 and 4242.

### III.  Conclusion

Accordingly, the Court **DENIES** Beasley's June 14, 2006 motion to reconsider Order committing Defendant Beasley to the custody of the Attorney General for examination and request for hearing (Doc. 19) and Beasley's motion to stay Defendant's report date for psychological/psychiatric evaluation (Doc. 22).

**IT IS SO ORDERED.**

Signed this 21st day of June, 2006.

/s/          David   RHerndon
**United States District Judge**