IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANITA BEASLEY,

Defendant.                                                                    No. 06-CR-30061-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Beasley's motion for modification or reduction of sentence based upon an intervening post-sentence change in the United States Sentencing Guidelines pertaining to corollary criminal history category (Amendment 12) which effectively lowers petitioner's term of imprisonment (Doc. 71). While Beasley cites to Amendment 12 for the basis of her motion, the Court assumes that Beasley meant to refer to Amendment 709, which amended U.S.S.G. § 4A1.2(c)(1) to eliminate a number of single history point for certain convictions where the punishment involved supervision of no more than one year. Amendment 709 changed the consideration from those offenses for which punishment was assessed for at least one year to no more than one year. Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.

*See Carlisle v. United States*, 517 U.S. 416 (1996). **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." **18 U.S.C. § 3582(C)(1)(B)**. Section **3582(c)(2)** provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

**18 U.S.C. § 3582(c)(2) (emphasis added);** *see United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir. 1999)**.

The Court finds that Beasley is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in section 3582 for modification of a sentence is applicable here. Section **1.B1.10** of the United States Sentencing Guidelines is the relevant "policy statement" here. That section specifically and exhaustively lists the amendments whose retroactive application under section 3582(c)(2) is authorized. *See* **U.S.S.G. §1B1.10(c)**. It further provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

As stated earlier, the Court assumes that Beasley is referring to

Amendment 709 which, *inter alia,* amended **U.S.S.G. § 4A1.2(c)(1)** and went into effect on November 1, 2007 (after Beasley's June 1, 2007 sentencing). Amendment 709 does not apply retroactively pursuant to section **§ 3582** because it is not included in **section 1B1.10(c)**'s list of retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain Beasley's motion and neither **18 U.S.C. § 3582** nor the amended **U.S.S.G. § 4A1.2(c)(1)** provides any basis for the requested modification of Beasley's sentence. *See, e.g., Ebbole v. United States*, **8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))** .

Accordingly, the Court dismisses for lack of jurisdiction Beasley's motion for modification or reduction of sentence based upon an intervening post-sentence change in the United States Sentencing Guidelines pertaining to corollary criminal history category (Amendment 12) which effectively lowers petitioner's term of imprisonment (Doc. 71).

**IT IS SO ORDERED.**

Signed this 14th day of December, 2007.

/s/     *David R Herndon*
**Chief Judge
United States District Court**